UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMONA TANASESCU,<br><br>    Plaintiff<br><br>    v.<br><br>SOHAIL I. SIMJEE, DMD, INC., et al.,<br><br>    Defendants. | Case No. SACV 23-0110-MWF (SP)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint (Docket No. 1), the Motions to Dismiss (Docket No. 16) and to Strike (Docket No. 17), the Report and Recommendation of the United States Magistrate Judge ("Report," Docket No. 30), Plaintiff's Objections to the Report ("Objections," Docket No. 32), Defendants' Reply to the Objections ("Reply," Docket No. 33), and other relevant records on file. The Court has conducted a de novo review of the portions of the Report to which Objections were directed, which is essentially to the whole Report. Although not required, the Court briefly discusses the following points. *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report

and recommendation).

The Court agrees with Defendants that Plaintiff's Objections merely rehash arguments already made in her lengthy filings alleging her civil rights were violated by the state-court vexatious litigant finding at issue, which were already before the Magistrate Judge and considered in issuing the Report. (Docket No. 32 at 11 (Objections referencing "precedents cited and facts described in [Plaintiff's] Complaint and her opposing pleadings"), 16, 19, 21; Docket No. 33 at 2). Similarly, while Plaintiff purportedly directs the Court to "missing . . . caselaw precedents" that "should be considered in this matter" — including *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (Docket No. 32 at 2, 6) — the Report provided a detailed analysis of that case and other authorities relevant to determining this action (Docket No. 30 at 11).

Moreover, to the extent Plaintiff alleges the Report overlooked state law, the definition of "conspiracy" on Cornell Law School's website, or other non-binding sources, the Report was not required to discuss such authority. *See, e.g., Mockovak v. Haynes*, No. C18-0671JLR-MLP, 2021 WL 3133783, at *5 (W.D. Wash. July 23, 2021) ("[T]here is no requirement that the [Report] discuss every case cited by [a party], especially when [they] are . . . not binding."), *aff'd*, No. 21-35634, 2022 WL 2156837 (9th Cir. June 15, 2022); *Foreman v. Bank of Am., N.A.*, 401 F. Supp. 3d 914, 927 (N.D. Cal. 2019).

Finally, while Plaintiff additionally states the Report missed facts in her underlying state case, the allegedly missing facts are mainly Plaintiff's legal arguments and conclusions, not facts. For example, Plaintiff states that the Report "missed to consider" that "Defendants perpetrated fraud upon the court" (Docket No. 32 at 2-3), and "defrauded the state court" with an "illegal scheme" and "illegal goal" of using state power to "rubberstamp" the vexatious litigant determination (*id.* at 4-5). More importantly, the Objections attempt to achieve what Plaintiff's action at its core attempts to do in the first place: essentially conduct a federal court de

facto appeal of the state court's vexatious-litigant determination, or at least raise claims inextricably intertwined with that ruling.  As the Report discusses in detail, this is precluded by the *Rooker-Feldman* Doctrine.  (Docket No. 30 at 9-12). Nothing in the Objections seriously calls that determination into doubt.

The Objections are overruled.

**IT IS THEREFORE ORDERED** that:

(1) The Report is **ACCEPTED** and adopted as the Court's own findings and conclusions;

(2) Defendants' Motion to Dismiss (Docket No. 16) is **GRANTED**;

(3) Defendants' Motion to Strike (Docket No. 17) is **GRANTED**; and

(4) Judgment be entered **DISMISSING** this action with prejudice and without leave to amend.

Dated:  May 24, 2024

_____
MICHAEL W. FITZGERALD
United States District Judge